WILLIAM D. IRVAN )
)
V )     UNITED STATES COURTS
)     SOUTHERN DISTRICT OF TEXAS  4:12-cv-01683
RICK THALER )     FILED
)
      MAY 1 7 2013

HONABLE JUDGE LYNN N. HUGHES                               MAY 14, 2013
            David J. Bradley, Clerk of Court

## IRVAN CAN AND HAS SHOWEN GOOD CAUSE FOR FAILURE TO RAISE THESE 5 CLAIMES AND MANY OTHER CLAIMS IN HIS PRIOR STATE HABEAS APPLICATION.

Your Honor, If I had Competent Counsel, Who would communicate with me. I would not have to write Your Court, but since Casie Grotro has not responded to me in (1) ONE YEAR and I have written her (18) Letter's and Patrick F. McCann since last year. I have no choice.

I wonder "IF" I will ever receive Competent Counsel through out this process ? I did not have it in my Trial. I did not have it in my Direct Appeal and I do not have Competent Counsel **NOW**. Also, **not in my 11:071 Habeas Petition.**
In the responce to the stay and abate from the AG's Office. Document 27. The State say's. There is No Good Casue for Irvan's Failure to Raise these Claims in His Prior State Habeas Application.

Finaly, Irvan has not showen Good Cause for failing to present his claims in State Court during his prior state habeas application, which he must to obtain the stay and abeyance he seeks. Rhines, 544 U.S. at 277 ("Because granting a stay effectvely excuses a petitioner's failure to present his claims first in state court, stay and abeyance is only approiate when the district court determines there was good cause for the petitioner's failure to exause his claims first in state court.") Distrct courts must evaluate whether a petitioner has demonstrated "good cause" for failure to exhast in light of Rhine's admonition that courts should only saty a mixed petition in "limited circumstances", lets such orders became routine. Wooten V Kirkland, 540 F.3rd 1019, 1023-24 (9th Cir. 2004)(emphasizing that applying too lenient a standard to Rhines good cause determination would render stay and abate orders routin and thus thwart Rhines instruction that such grants are appropriate on in "limited circumstances."

Presently, Irvan can not demonstrate good cause for his failure to raise these claims in his initial state habeas proceeding. As this court noted at conference, Irvan filed his direct appeal brief in december 2004, but did not file his state habeas application until approximately ten months later in October of 2005. Futher, the Texas Court of Criminal Appeals issued its opinion a mere eaight months later in June 2006. But there were no findings issued in the trial court until until four and a half years later in January of 2011. and the Court of Criminal Appeals did not deny relief until June of that year. State law admits the possibility of amending a habeas petition for good cause. Tex.Crim.Proc 11:071 (WEST 2013). So, at any point during state habeas proceedings, counsel could have raised these claims regardless of the somewhat parallel Process.

In Document 13, I showed that I Dillagently tryed to gey my 11:071 Habeas Attorney's to add thing's to the writ. But they would not. If you look at docket 13 EXHIBIT **I, Issue # 1.** I tell my 11:071

Habeas Attorney Danny Easterling " In my direct appeal the CCA denied most of my issues stating that either my Trial Attorney's faild to properly preserve my issues at trial or **MY DIRECT APPEAL ATTORNEY DID NOT PRESENT IT CORRECTLY.THIS HAS TO BE A "ICA CLAIM" Added to my other 16."** The 16 is my 16 IAC Claims in my Habeas Petition.As stated in docket 13,Danny Easterling filed a motion in the **WRONG COURT,**to withdraw and I was denied without getting my issues in.

I am not sure what else I could of done....In **MACKEY V HOFFMAN** 682 F3rd  1247 (9th Cir 2012) Gross Neglagence by counsel amounting to virtuual abandoment can be an"**EXTRAORDINARY CIRCUMSTANCES**'.' that justifys vacating a default judgment.Reliefe in such a case is justifyed because gross neglect so gross that it is inexcusable ,vitiates the agencys relationship that underlies our general policy attributing to the client the acts of his attorney.

**TOWERY V RYAN** 673 F.3rd 933,941 (9th CIR 2012) When a Habeas petitioner has been inexcusably and grossly neglected by his counsel in a maner amounting to attorney abandoment in every meaningful secne that has jeopardized the petitioners appellate right's,a district court may grant reliefe.

**MAPLES V THOMAS**132 S.CT 921 Ed 2d 807 (2012) Cause for a procedural default exsist where something external to the petitioner,something that cannot be fairly be attributed to Him,impeed his efforts to comply with state procedural rule.

I tryed to get James M.Leitner to add thing's to the writ.He would not.In docket 13 you see all of the letter's to my Next 11:071 attorney after Mr.Leitner went to the Harris County DA's Office. Jack V.Strickland,and he would not do anything on my writ.Would not respond to me,My Family or a P.I. Hired by my family.He filed a Bare Bones Facts and Findings.Then Danny Easterling was appointed. I wrote him a few letters and showed him the issues listed in the docket **19.IAC on my Direct appeal attorney.**,and many more issues.He filed a motion to withdraw,because he could not devote the time needed to address all of the issues in my writ.He stated in his Motion to the 180th District Court "MR .Irvan has **NUMEROUS UNRESOLVED ISSUES,NUMEROUS WITNESSES WHO NEED TO BE INTERVIEWED AND HE HAS A SEIROUS INNOCENCE ISSUE.....**HE FILED THIS WITH THE WRONG COURT AND WALKED AWAY...HE **ABANDONED ME....IT IS HIS AND THE 180 th Disrict Courts Fault I WAS NOT able to get these issues in.**

I was told by my attorney Casie Gotro that IAC on my 11:071 attorney's would be filed in my Federal Petition and a Martinez on them.It was not.My Question is WHY.It has to be one of two things.Either McCan and I do NOT get along or has someone put pressure on him not to file on ALL of the issues he found,since they show merit to DAVID TEMPLE,RONAL JEFFERY PRIBLE AND HERMILLO HERRERA CASES. KELLY SIEGLER WAS THE WITHHOLDING BRADY QUEEN ON ALL OF THESE CASES **ALONG WITH MINE.**

On this issue I do believe that I did show good cause for failure to raise these issues.It is clear that I did ask my attorney,11:071 Habeas Attorney to address this issue of IAC,for not presenting my issues correctly to the court in my Direct Appeal.He Abandon me.Therefor the S.Ct clearly states in Maples V Thomas 123 S.Ct 921 that it is NOT MY FAULT.Also,MACKEY V HOFFMAN and TOWERY V RYAN.

Also,on 7,28,2005.I filed a Letter Brief in the Court of Criminal Appeals on Brady RE: The deal with Tamard and Purgered Testymonie from Tamara Llamas and Kelly Siegler ADA,among other things.The Brief was accepted by the CCA a a Pro Se Brief,but was never addressed or denied.Is this a Unresolved Issue ?

Your Honor,I should not have to write this stuff.I should have someone,an Attorney that I can trust to file the thing that will prove my Innocence.McCann stated in the Houston Chronicle he does NOT file Actual Innocence Claimes.Why is he on my case ? My whole case hinges on Actual Innocence.He also is one of the worst attorney's and one of the most over worked attorney's.The motion he filed to get an extition.He listed 10 cases.He has alot more than that here in the U.S.District court and the 5th Circut.I am not in agreement on anything he files and I am filing a Grievance on he and Ms.Gotro for all that they have failed to do,What he told another Inmate about my case,Refuseing to provide me anything filed in my case,Refuseing to respond to my letters among other thing's. I dont see how he can contimue to represent me .

He also can not file anything correct.Look at every Motion he has filed.They are all wrong.Including the dates on the new 7 page motion.But he can get his motion for extra time file right.

THANK YOU YOUR HONOR FOR READING THIS.WILL YOU PLEASE TAKE THESE INCOMETENT ATTORNEYS OFF MY CASE AND APPOINT ONE OF THE 4 THAT I SHOWED YOU OR SOMEONE THAT YOU BELIEVE IS COMPTENT,WHO KNOWS WHAT THEY ARE DOING AND IS NOT ONE OF THE HARRIS COUNTY AMBULANCE CHACERS WHO TAKE ANY AND ALL CASES THEY CAN.EVEN IF THEY CAN NOT HANDLE THEM.

Respectfully,
William D.Irvan.

Case 4:12-cv-01683 Document 28 Filed in TXSD on 05/17/13 Page 4 of 7
Case 4:12-cv-01683 Document 13-1 Filed in TXSD on 11/23/12 Page 24 of 30
EXHIBIT I

EASTERLING & EASTERLING                APRIL 20,2011
DANNY EASTERLING

Dear Mr.Easterling;

After receving your letter dated March 18,2011,stateing that you
were going to read my trial file and my writ.I started thinking
that I should help you,by listing all that things that I saw and
I told my other two attorneys,that needed to be in my writ to either
proove my innocence or help me get a reversal.I think this stuff is
very imporant to save my life.

1) In my Direct Appeal the CCA denied most of my issues stateing
that either my Trial Attornyes did not properly preserve my
issues at trial and or my Direct Appeal Attorney did not present
it correctly . This has to be a "IAC Claim".Added to my other 16.

2) On the first page of the states responce to my writ they say.
"WILLIAM IRVAN HAD ON A LONG SLEVE SHIRT ON A HOT SUMMER DAY". Just
so you know it was February 14,1987.The police report says it was
a cool day.It was Winter,Not Summer..They are trying to inflence someone.

3) At trial I did Not have a DNA EXPERT.In my writ Jim Leitner and
a DNA Expert that he hired for my writ found(3) MALE DNA's,plus
another Semen.This stuff was in the states findings and at trial
at (RR23-195) William Watson from Orched Cellmark the DNA Lab
for the state stated that he found 7 Loki on the rectal swab,but
one was different.Then in the November 18,2002 Orched Cellmark
report at FOR2224-003R other is at least 3 different Loci from
another male that they mist at my trial.This had to be a "IAC
CLAIM." For not haveing a Expert at my trial and for missing this.
If the Jury knew this it would of made a Big difference.

4) At Trial The state put on witnesses stateing that the last person
Michelle was with was Mary Singebush and that she was dead and no
one ever got a statement.from her.Well I got the police report
a while back and in the Police report is a Statement from Marry
Singebush taken February 14,1987.IN PERSON at HCSD.In this statement
Mary singebush states that she asked Michelle if she will be scared
to go home.Michelle stated that she would not,BUT JACK THE HUSBAND
WILL BE CALLING AND WONDERING WHO SHE WAS WITH AND WHERE SHE HAS
BEEN. I think this is a IAC CLAIM.They should of had this statement
and read it to the Jury.It also talkes about Michelle haveing
Jack Commited TWO times to a Rehab FORCEFULLY and Him hitting Her.
Missing all of this stuff is not TRIAL STRADAGY.It is my life and
My Attorneys not careing about Proving I was Innocent.

5) At trial William Watson stated that Jack Shadbolt's DNA,only Semen
was cleared from the semen found,BUT no where has anyone ever proved
that there is a PROFILE FOR JACK SHADBOLT AND IF THERE IS HAS IT
BEEN COMPAIRED TO THE OTHER SEMEN SEMEN FOUND,THAT NO ONE HAS TALKED
ABOUT??

# TEXAS COURT OF CRIMINAL APPEALS





Courts Online Home | FAQs | Search
Viewed 1024x768+
photos courtesy
courthouses.com.

Judicial Directory | Judicial Information | Judicial Entities | Events | News | Links

### Case Search Results on Case # AP-74,853

**Add to CaseMail**
**Printer-Friendly Version**

## Case Information:

| | |
|---|---|
| Case Number: | AP-74,853 |
| Date Filed: | 1/8/2004 |
| Case Type: | Death Penalty |
| Style: | IRVAN, WILLIAM DARIN |
| v.: | |

## Case Events:

| Date | Event Type | Description |
|---|---|---|
| 12/15/2006 | WRIT OF CERT USSC | |
| 9/25/2006 | WRIT OF CERT USSC | |
| 7/7/2006 | MANDATE ISSD | |
| 6/7/2006 | OPINION ISSD | |
| 5/23/2006 | MISC DOCUMENT FOR A PDR | Pro Se |
| 11/9/2005 | SUBMITTED | |
| 10/31/2005 | NOTICE OF COUNSEL PRESENTING ARGUMENT | Appellant |
| 10/27/2005 | NOTICE OF COUNSEL PRESENTING ARGUMENT | State |
| 10/21/2005 | STATUS (INMATE CORRES) | Appellant |
| 10/11/2005 | SET FOR SUBMIS | |
| 10/11/2005 | SUBMIS ARGT NOTICE FOR APPEALS | |
| 7/28/2005 | BRIEF RECEIVED | Pro Se |

### General Information

- **CCA Home**
- **Practice Before the Court**
  Internal Operating Procedures [pdf] | Rules & Procedures | Forms | Issues | Oral Argument Instructions | Opinion Archives | Hand Down Archives
- **About the Court**
  Contact | Judges | Employment | Overview | Virtual Tour

- **Search Courts Site**
  [Type Search Word] [Search]

### Case Information

- **Hand Down List**
  **(Orders, Opinions & Statements)**
- **Case Search**
- **Opinion Search**
- **Case Submissions**

### Case Mail

- **Track Cases or Released Opinions**
  My Account | Case Tracking | Opinion Tracking | Register | Basics | FAQs

### Texas Appellate Courts

- **The Supreme Court of Texas**
- **Court of Criminal Appeals**
- **Courts of Appeals [District-City]**
  1-Houston | 2-Fort Worth | 3-Austin
  4-San Antonio | 5-Dallas | 6-Texarkana
  7-Amarillo | 8-El Paso | 9-Beaumont
  10-Waco | 11-Eastland | 12-Tyler
  13-Corpus Christi | 14-Houston
- **Appellate Statistics**

WILLIAM D.IRVAN            )
                           )
V                          )   Case 4:12-cv-01683
                           )
RICK THALER                )
                           )

Clerk of Court                      May 14,2013

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
MAY 17 2013
David J. Bradley, Clerk of Court

Dear Clerk:

      Please find enclosed a letter to Judge Hughes. Please file it in above said case number.

Thank you for you help in this matter.

                                       Respectfully,
                                       William D. Irvan.

WILLIAM IRVAN 999472
3872 FM 350 South
Livingston, Tx. 77351

U.S. DISTRICT COURT
Southern District of Texas
Houston Division
Attn: Clerk of Court
515 Rusk
Houston, Tx. 77002

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

MAY 17 2013

David J. Bradley, Clerk of Court

Legal Mail