UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

SEP 0 4 2013

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WILLIAM IRVAN ,PETITIONER
V
WILLIAM STEPHENS,
RESPONDENT

§
§
§
§
§
§

Case # 4:12-cv-01683

HONORABLE JUDGE LYNN N.HUGHES

AUGUST 31,2013

**PRO SE MOTION ASKING THIS HONORABLE COURT TO DISMISS "WITHOUT PREJUDICE" PETITIONERS 28 USCS 2254 FEDERAL HABEAS WRIT AND ANYTHING FILED IN SAID CASE.PURSUANT TO ART 64 OF THE T.C.C.P.HUTSON V.QUARTERMAN 508 F.3d,236.(2007 U.S.APP) 2244(d)(1) & 2244(d)(2),WILLIAMS V THALER 400 Fed.App 886;(2010 U.S.App)LEXIS 22760.VILLEGAS V.JOHNSON,184 F.3d 467 (5thCir 1999) JOHNSON V.STATE 878 F.2d 904 (5th Cir 1989) VALENTINE V.SENKOWSKI 966 F.Supp 239. BREWER V.JOHNSON 139 F.3d,491.EX PARTE POWERS 487 S.W. 2d,101 (1972) EX PARTE GREEN 548 S.W.2d 941(1977) EX PARTE SOFFAR 143 S.W. 3d 804 (2004) ALSO SEE DOCKETS #30 & 38 ON THE CV DOCKET .EXCEPTION NOTED LATER IN MOTION...**

PETITIONER COMES BEFORE THIS HONORABLE COURT AND MAKES THIS HIS MOTION TO DISMISS WITHOUT PREJUDICE HIS 28 USCS 2254 FEDERAL HABEAS WRIT AND ANYTHING FILED IN FEDERAL COURT AND WILL RESPECTFULLY SHOW THIS COURT WHY IN THIS MOTION.

On December 5,2005.Petitioner filed a motion to test the DNA in Cause # 864928.Pursuant to Art 64.Of the T.C.C.P. Petitioner's Direct Appeal Attorney was appointed to represent him on said DNA Motion.Petitioner wrote the attorney "LEORA KAHN" and the 180TH District Court and ask that attorney Kahn withdraw due to the fact that Petitioners 11:071 Habeas attorney had just filed a IAC CLAIM on her in State court.Ms.Kahn then withdrew.See docket 33 in the 4:11-mc-00293 case.Petitioner then wrote the 180TH Numerous letters asking that an attorney be appointed in my DNA Motion,with NO responce from the 180TH.So, the Petitioner then asked a friend to call the 180TH See 4:11-mc-00293 ,Docket 40-3,for letter to court asking appointment of counsel Pg 2. Then see Pg 3 for the appointment of Attorney Thomas Martin on 8/18/09. Then see docket 33 on the 4:11-mc-00293 case Pg 5 & 9 for letters from Attorney Thomas Martin Who believed that I had a Child Case.Not just ONE (1) But TWO (2) I do not .Then he believed that my case was out of Houston and H.P.D had my DNA.They do not and NEVER HAVE. On January 23,2012.When Patrick F.McCann came for the first time.He wanted to take over my DNA and get a stay.He asked me to write Mr.Martin and tell him I wanted McCann to take over my DNA.So,I did that.He was appointed See docket 38 Pg 4 of the 4:12-cv-01683 Case.

28 USCS 2244 (d)(1) & 2244 (d)(2) states a 1-year period of time limitations shall apply to an application for writ of habeas corpus by a person in custdy pursuant to the judgement of state court. The limitations period shall run from the latest of ;

(a) The date which the judgement became final by the conclusion of the Direct review or the expiration of time for seeking review;

(2) The time during which a properly filed application for state post conviction or other collateral review with respect to the pertinet judgement or claim is pending shall not apply toward any period of limitations under this section.

It is clear that my DNA Motion was timly Filed and Accepted by the 180Th District Court.I have had (3) attorney's appointed in that case. And Attorney Martin tells me in his letter dated 8/19/09 he has been appointed and what steps will be taken to test the DNA.

Then Patrick F.McCann was appointed and if you look at Docket 36 in the 4:12-cv-01683 case Pg 4.is a letter to me from McCann and he tell's me he has been appointed and Lynn Hardaway has approched him and indicated that she will be willing to have the DNA Tested.So, it is clear that the state believes that my filing's are timely and have merit.Again see docket 36,Pg 5 & 12.ADA Lynn Hardaway is allowing us to test the DNA.

Petitioner's attorney filed a motion to stay and go back to state court and test the DNA @ 4:11-mc-00294 Docket 30.Judge Hughes makes a order. It states"William Irvan is a death row inmate .He has filed a motion for an administrative stay so that he can seek testing of DNA evidence in state court.While a district court has discretion to stay a habeas corpus case,See eg.Landis V.NM Co,299 U.S. 248,254 (1936),No stay is approiate in this case..Irvan claims to have discovered evidence that another person commited the murder for which he is on Death row .He wants to develop this evidence in state court.Thaler points out that Irvan has NOT yet filed a federal habeas petition ,and is already seeking DNA Testing in state court.This court can not stay the federal statue of limitations,**BUT THE STATUE OF LIMITATIONS IS ALREDY TOLLED BY IRVANS STATE COURT PROCEEDINGS.**Therefor,there is no basis for staying this case." This order was issued on 3/9/12.

In the respondant's responce to the stay to DNA testing,it states on Pg 1." Irvan is MISTAKEN-No federal habeas petition has been filed. Futher,Irvan's motion is MISPLACED as this court can not stay the federal ststue of limitations **NOR DOES IT NEED TO AS IRVAN HAS A STATE DNA ACTION CURRENTLY TOLLING THE LIMITATIONS PERIOD.** Then on Pg 2,II Irvan ask this court to stay his case so that he may pursue a new thory that the crime which Irvan is convicted was actually commited by the Victim's husband.**YET NOTHING IS PREVENTING IRVAN FROM FILING A STATE HABEAS PETITION.AND SINCE,THERE IS NO FEDERAL CASE,THERE IS NO PROBLEM WITH THE TWO-FORM RULE..FUTHER ANY CONCERNS IRVAN HAS ABOUT THE STATUE OF LIMITATIONS ARE MISPLACED.A SUCEEIVE PETITON WOULD TOLL THE STATUE OF LIMITATIONS.**Villagas V.Johnson ,184 F.3d 467,473.(5th Cir 1999) **MOREOVER,THE LIMITATIONS PERIOD IS ALREADY TOLLED BY THE OUTSTANDING DNA PROCEEDINGS.**"

Then @ Document 46 Respondant states on Pg 1." As the undersighned explained in her previous filing **IRVAN HAS A STATE DNA ACTION CURRENTLY TOLLING THE LIMITATIONS PERIOD.TO THE BEST OF HER KNOWLEDGE,THAT ACTION IS STILL PENDING AND HAS BEEN PENDING FOR SOME TIME.THUS ,THE LIMITATIONS PERIOD IS ALREADY TOLLED BY THE OUTSTANDING DNA PROCEEDINGS.**Hutson V. Quarterman 508 F.3d 240 (5th Cir Tex 2007) This court can not stay the federal statue of limitations period. Wodford V.Garciau,538 U.S. 202,210 (U.S.2003) (holding that a case does not become pending until an actual Habeas Corpus has been filed in federal court) **BUT,AGAIN,IT HAS NO REASON TO DO SO,AS THE LIMITATIONS PERIOD IS BEING PROPERLY TOLLED BY THE STATE COURT PROCEEDINGS.IRVANS MOTION STEMS FROM HIS FAILURE TO PROPERLY CALCULATE THE LIMITATIONS PERIOD.BUT ANY CONCERNS IRVAN HAS ABOUT THE LIMITATIONS IS MISPLACED."**

Then @ 48 Judge Hughes makes an Order .It states " William Irvan has not yet filed a federal habeas petition ,Irvan want's this court to equable toll the Anti-terroisum and Effective Death Penalty Act's 1-Year limitations period.(43) Respondant states that ,**BECAUSE IRVAN IS CURRENTLY LITIGATING A CHALLENGE TO DNA EVIDENCE IN STATE COURT, THE LIMITATIONS PERIOD IS TOLLED NOT RUNNING."...this order was made on June 4,2012...On the day my writ was filed ????????????????????**

## TWO FORUM RULE

### Ex Parte Roy Dale Green 548 S.W. 2d 914 (1977 Tex Crim App)

A trial court should not corcider a petitioners application for writ of habeas corpus so long as the federal courts retain jurisdiction.

Any attempt at "FORUM SHOPPING" which is contrary to the provisions of Art 11:071 V.A.C.C.P., Merly delay's a speedy hearing on the merits of the petition.

Futher delay was caused by procuting an appeal to the Fifth Circuit from the Federal court order at the same time petitioner proceeded on his application for writ of habeas corpus in the court of state.A Petitioner MUST decide which fourm he will proceed in ,Because this court will not ,and a trial court in this state should NOT ,concider a petitioners application so long as federal courts retain jurisdiction of the same matter.Ex Parte Powers,487 S.W. 2d.101 (Tex Crim 1972) The Fifth Circuit has now dismissed petitioners appeal from federal court order.

### Ex Parte Soffar 143 S.W.804; (Tex Crim App 2004)

The inmate was convicted of capital murder and sentanced to death .The reviewing court ruled that it would dismiss the application without prejudice because the inmates federal writ of habeas corpus challangeing his capitol murder conviction and death sentance was pending in federal court, and no federal court had made an order staying all proceedings in the inmates pending paralle federal writ.The reviewing court found that the Powers doctoren worked well in an err in which there was no time limitations within to file a writ of habeas corpus and no limits upon the number of writs an applicantcould file.However,judcially created doctrines sometimes need modification when they no longer serve the jurisprudential intrest for which they were originally crafted.The reviewing court modifyed the powers abstention doctring to permit concideration of the merits of a subsequent writ, not other wise bearred.

The powers abstention doctem is a judicilly created policy based on comity which teaches that one court should defer action on one cause properly within its jurisdiction until the courts of

Another sovereignty with concurent powers,and already cogizant of the litigation ,have had an opportunity to pass up the matter.

When the respondent made her statement on February 28,2012,in her responce to DNA Testing.She stated,"**yet,nothing is preventing Irvan from filing a state habeas petition .And since there is no case to stay as Irvan has yet to file his habeas petition.And since,there is no federal case there is no problem with the two--forum rule.**

This statement clearly showes that EVERYONE KNEW I HAD A STATE DNA MOTION PENDING.And Everyone knew I could not have a State court DNA Motion Pending and file a Federal Habeas Writ.It is Collateral Rivew challaging my Death Sentance.This is a Violation of the Two-Forum Rule.

## T.C.C.P ART 64.DNA TESTING

Under Texas Law,a convicted person may submit to the convicting court a motion requesting DNA Testing of biological materal.Tex. Crim Proc.Code Ann.Art 64.01(a).The convicted person must demonstrate that the subject evidence was secured in relation to the offence that is the basis of that challegeed conviction and was in the possession of the state during the trial of the offence,but that the state has not previously tested it.

I asked for ALL of the evidence DNA to be tested.See November 18, 2002 Orched Cellmark's Report.I asked for FOR2224-020-a,b,c,d which are all hair's from her nail's.Det.Rodger Wedgworth Tells William Watson from Orched Cellmark to test those (4) hairs from her nail's and FOR2224-021-022,which are hair's from her nail's.Watson states on the stand that he did receive the two letter's from Det.Wedgworth, but someone from the State told him not to test the hair's!His letter stated"DO WHAT EVER IS NECESSARY TO FIND OUT WHOS DNA IS UNDER HER NAILS.TEST THESE HAIRS...Then on cross with Det.Wedgworth Attorney Bob Loper asked him.Could it be true that someone could of had sex with her and someone come along later and kill her and the DNA be very important ? He said YES.See issue (4) Pg 18-19-20 in writ.Also see Motion to compel the state to let us test the DNA in the back of writ Document 6-10,in writ.

There is also (2) Dark Brown/Black Pubic Hair's in her bed.FOR2224-B1 & B2.Watson stated on the stand that these hair's were consistent with those from her nail's.None of her head hair was found in the bed.Nor any of her pubic hair.She had lighter blondish brown hair.

The Langue of the federal stateue of limitations must be interpreted under federal law,but some consideration of state law is inevitable when analyzing the Anit-terrisum and Effictive Death Penalty Act's One Year limitations period under 2244(d).Texas court's equate the Texas ststue providing for Post-Conviction DNA testing ,Tex Crim . Proc.Code Ann 64.01(a) ,with Habeas Corpus proceeding's,in both make a collateral review inquire in to the validity of the conviction.

**HUTSON V.QUARTERMAN 508 F.3d 236 (U.S APP.2007)**

The Supreme Court has held that [the] AEDPA's tolling rule is desigened to protect the principles of Comity,Finality,and Federlisum,by promoting the exhaustion of state remidies while respecting the intrest of fanality in state court judgements.Other courts have held that **FEDERAL COURTS SHOULD GIVE STATE COURTS THE OPPORTUNITY TO REVIEW THE CLAIM AND PROVIDE ANY NECESSARY RELIEF BEFORE THE FEDERAL COURT PROCEEDS,BECAUS SUCH RESTRAINT ON THE PART OF FEDERAL COURTS REINFORCES COMITY AND MAY OBVILATE FEDERAL RIVEW.**If the federal court's denie tolling the AEDPA's limitations,Petitioner's might forgo state-law remedies to retain their right to federal review. This court agrees with these principles,and notes that the comity argument especially resonates in this case.Texas has enacted a right to DNA Reexamination ;the state has decided to impose a potential disruption to the finality of it's own case in order to better protect the wrongfully accused.Comity there dictates that federal courts give state courts time to review these DNA claims and provide necessary relief,without forcing convicted person's to choose between the two systems,thereby undermining the remedy the Texas Legislature has provided.

**VILLEGAS V.JOHNSON 184 F.3d 467 (5th Cir 1999)**

With respect to comity concerns ,we agree with the third circuit that if a state petitioner files a second or subsequent petition for post-conviction relief,federal court's should not undermine the states decision by refusing to toll the one-year period of limitations of 2244(d)(1) where a second or subsequent petition is pending in state court system AEDPA envinces no congressional intent to embroil federal court's in problematic determinations of the merit with the AEDPA's limitations period.Petitioners would either forgo the successive state filing and submit a premature federal petition or would simulatneously file state and federal petitions.Federal court's would then face the delima of holding petitions in abyance or dismissing without prejudice that may later be time barred by virtue of the ensuing state court determination.

**JOHNSON V.STATE 878 F.2d 904 (5th Cir 1989)**

There are a number of instances in this circuit where in such a case which we have reversed a decision on the district court and directed it to issue an abatement order or dismiss without prejudice.Also see SERIO V.MEMBERS OF LA STATE 821 F.2d 1112.CLARK V.WILLIAMS 639 F.2d,381.

The district court was asked to issue a stay of federal proceeding's because parell proceeding's were taking place in the same state court.See GULF STREAM AERO SPACE CORP,485 U.S..108 S.Ct.1131

**VALINTINE V.SENKOSKI ,966 Fed Supp 239.**

The AEDPA states that the 1-year period of limitations does not start to run until after direct rivew has been completed and state post conviction review has be exhausted.

**WILLIAMS V.THALER 400 Fed.App.886 (2012 U.S App) LEXIS 22760**

Pg 1.Under the Anti-Terrorisum and Effidtive Death Penality Act,a federal petition for writ of habeas corpus must be filed within one year of the date on which a prisoner conviction comes final. 28 USCS 2244(d)(1)(A).The one year time limitation is tolled however, during the time that a properly filed application for state habeas corpus is pending.28 USCS 2244 (d)(2).

Pg4.While the petitioner could have taken his claim to federal court at any time,federal law requires him to exhaust his claims in state court.

Pg 7.It is true that nothing actually prevents a petitioner from filing his federal habeas petition before learning of the resolution of his state habeas application,but it is aximatic that a petitioner must exhaust his claims in state court before bringing them to federal court.28 USCS 2244(d)(1)(A) and the AEDPA specifically provides that the statue of limitations is tolled while a state habeas petition is pending 28 USCS 2244(d)(2).**THEREFORE ,A PETITIONER WITH NOTICE THAT HIS CLAIMS ARE,IN FACT STILL PENDING IN STATE COURT HAS NO REASON TO RUN TO FEDERAL COURT AND FILE A HABEAS PETITION.....**

**PACE V.DEGUGLIEMO 544 U.S.408,416..S.Ct 1807,161 LED 2d 669 (2005)**

The Supreme Court suggest that a petitioner **IN DOUBT** as to whether his state application is "PROPERLY FILED" such that it will toll the statue of limitations should file a "Protective Petition" in federal court to avoid the running of the AEDPA's limitations period.**THE COURT DID NOT HOLD THAT PETITIONER " MUST " FILE A PROTECTIVE PETITION IN ORDER TO INVOKE EQUATABLE TOLLING,AND WE HAVE PREVIOUSLY DECLINED TO HOLD THAT A PROTECTIVE PETITION IS NECESSARY.**

**I had no reason to run to federal court and file a PROTECTIVE PETITION OR ANYTHING AT ALL.**We all knew that I had a State DNA Issue pending,and the Court and AG made it clear that my Limitations Period WAS NOT RUNNING.It was and is TOLLED.I filed a equatable tolling motion and then McCann did and it was denied on the day my petition was filed .WHY ?My Limitations Period has been tolled since 2005.

I am asking this Honorable court to Dismiss Without Prejudice my 28 USCS 2254 Federal Petition **" IF "**

a) I am not prohibited from bringing ALL of my claims that are now filed or briefed in federal court back to federal court ,If need be after resolving my state court proceeding's.

b) I am able to bring any and all new claims that I file in state court ,to federal court and they not be barred.

c) I am allowed to proceed back to state court and resolve my Art 64. DNA Motion and at the same time file a subsequent 11:071 writ.

d) If my AEDPA 1-year tolling is not running at all and has not ran one day and will not start to run until I finish my collateral review in state court.At that time ,if necessary I can come back to

Federal court and file for the first time my 28 USCS 2254 and ALL of my issues old and new.All of this with NEW 1-year period to file my 2254 Federal petition.

e) Petitioner ask this court to advise him of any pit-falls or ramificatations that petitioner is not aware of.Like not being able to come back to federal court or not being able to re-file my issues.Petitioner respectfully ask this court to advise him of this,because petitioner HAS NOT and DOES NOT HAVE COMPETENT OR QUALIFIED COUNSEL.

If Your Honor will look at my writ filed on June 4,2012 Pg 2-3. These questions had to be generated by someone that know's federal Law.If you look at these question's it is clear that they are ment to stop situations like im in.My Attorney's failed to under stand these question's and now I am in this situation.See question #8, It should of been YES.# 10 should of been YES.He should of added my Art 64.here,DNA Motion.This was just another way that the court could of seen this and stopped it,before my writ was filed.

Your Honor I am trying to abide by the law and get my filing's in. I was not able to do so in my 11:071 writ,because my attorney with drew in the wrong court and I was denied witthout an attorney. Then I come to federal court and my attorney was told that my time is NOT RUNNING ,IT IS TOLLED BY THE DNA and he files a Protective Petition.He was told by the AG and the court that he could go back to state court and file what needed to be filed. He failed to do that.Now I read that I should not run to federal court or file a protective petition.So,I am asking this court to Dismiss without prejudice my 28 USCS 2254 Habeas petition and anything filed in this case,If I do not lose the right to come back to federal court and refile all old and new issues and they not be barred.I retain my right just as I did .Like coming in to federal court for the first time.

PETITIONER PRAYS THAT THIS COURT WILL DISMISS MY 28 USCS 2254 FEDERAL WRIT WITHOUT PREJUDICE AND ALLOW ME TO PROCEED BACK TO STATE COURT AND RESOLVE MY ART 64.DNA ISSUE AND AT THE SAME TIME FILE A SUBSEQUENT 11:071 HABEAS WRIT.THEN IF NEED BE COME BACK TO FEDERAL COURT AND FILE EVERYTHING A NEW.

RESPECTFULLY,
William D. Irvan
WILLIAM D.IRVAN.

NOTE: I FILED A COPY OF THIS MOTION ON AUGUST 19,2013.IT WAS PLACED IN MY DOOR,"MAIL BOX" AND TAKEN BY A TDCJ OFFICER AT 5:00 AM Monday Morning.AS OF AUGUST 27,2013.THE DOCKET DOES NOT SHOW MY MOTION.THIS MOTION IS FILED CERTIFYED.#7006 2150 0003 0152 6767.MAILED ON THE MORNING OF SEPTEMEBR 3,2013.

WILLIAM D.IRVAN §
V. § Case 4:12-cv-01683
WILLIAM STEPHENS §

CLERK of COURT August 31,2013

Dear Clerk:

Please find encloesd a Motion to Dissmiss Without Prejudice My 28 USCS 2254 Petition.Please file this motion in above said case number.

On the morning of August 19,2013.I mailed a copy of this motion to this address and to the Clerk of Court.On August 30,2013.Friday I received a copy of the docket from a friend and my motion was not posted on the docket.WHY ? No matter what I am again sending the motion and this time certifyed.Please post this (7) Page Motion.

THANK YOU FOR YOUR HELP IN THIS MATTER.

RESPECTFULLY,
William D. Irvan
WILLIAM D.IRVAN


PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
GLOBAL FOREVER
Equality
Freedom
Justice
Justice
Freedom
Liberty
Equality
Freedom
Liberty
FOREVER
USA